UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO, | Case No. 2:25-cv-1267-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| DANIEL ADAMS, *et al.*, | |
| Defendants. | |

Plaintiff Dolores Lucero filed this action against defendant Daniel Adams, alleging that defendant breached a contract by failing to make repairs to plaintiff's residential property. After filing an answer, defendant moved to dismiss the complaint. ECF No. 20. Plaintiff has moved to strike defendant's answer and to amend her complaint. ECF Nos. 10 & 11. The court will grant plaintiff's motion to amend and deny the remaining motions as moot. Additionally, because plaintiff's amended complaint, like her original one, fails to sufficiently allege a basis for the court's subject matter jurisdiction, I will also order plaintiff to show cause, within fourteen days, why this action should not be dismissed for lack of jurisdiction.

**I.   Motion to Amend**

Plaintiff filed her motion for leave to amend her complaint more than twenty-one days after defendant filed an answer. Consequently, plaintiff may only amend by leave of the court or with written consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2). However, Rule 15(a)(2)

1

instructs courts to "freely give leave [to amend] when justice so requires." *See Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016). "This policy is to be applied with extreme liberality." *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011). The court may decline to grant leave to amend only where there is a strong showing of: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, or (5) futility of amendment. *See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

Plaintiff states that she seeks to amend her complaint to strengthen the allegations supporting her state law claims. ECF No. 11 at 2-3. She also states that she wants to remove her claim under 42 U.S.C. § 1983, conceding that the claim is not viable against a private party such as defendant. *Id*. at 2. Given that defendant has not filed an opposition and that leave to amend is freely given, Fed. R. Civ. P. 15(a)(2), plaintiff's motion to amend is granted. As a result, defendant's motion to dismiss the original complaint, ECF No. 20, and plaintiff's motion to strike defendant's answer to that complaint, ECF No. 10, are both denied as moot.

**II      Order to Show Cause**

A district court has an independent duty to ascertain its jurisdiction. *See* 28 U.S.C. § 1447(c). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by

the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's amended complaint alleges that in September 2023, she hired defendant to perform repairs to her residential property. ECF No. 11-2 at 2. Defendant allegedly sent an unlicensed contractor to perform the repairs, which were not properly completed. *Id.* Plaintiff also alleges that defendant recorded an invalid lien, thereby clouding the property's title. *Id.* The amended complaint alleges state law claims for fraud, slander of title, quiet title, negligence, and violation of California's Business and Profession Code §§ 7109(a), 7159(d), and 7114.

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). On the face of the complaint, there is no federal question. Further, plaintiff fails to establish diversity jurisdiction. Critically, the amended complaint indicates that all parties reside in Shasta County, California. ECF No. 6 at 2-3. Thus, diversity jurisdiction appears absent. *See* 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to amend, ECF No. 11, is GRANTED.

2. The Clerk of Court is directed to file a copy of plaintiff's proposed first amended complaint, ECF No. 11-2, on the docket.

3. Plaintiff's motion to strike, ECF No. 10, and defendant's motion to dismiss, ECF No. 20, are DENIED as moot.

4. The November 6, 2025 hearing on plaintiff's motions to amend and to strike and November 13, 2025 hearing on defendant's motion to dismiss are VACATED.

5. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

6. Upon receipt of plaintiff's response to this order, the court will, if necessary, set a date for defendant to file his response to the first amended complaint.

7. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:    November 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4