UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL ADAMS, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-1267-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Dolores Lucero filed this action against defendant Daniel Adams and Daniel Adams Construction, alleging that defendants breached a contract by failing to make repairs to plaintiff's residential property.  Because plaintiff's amended complaint failed to sufficiently allege a basis for the court's subject matter jurisdiction, I ordered her to show cause for why this action should not be dismissed for lack of jurisdiction.  Plaintiff has filed a response, but nothing in her response indicates that this court has subject matter jurisdiction.  Accordingly, I recommend that this action be dismissed for lack of jurisdiction.

A district court has an independent duty to ascertain its jurisdiction.  *See* 28 U.S.C. § 1447(c).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized

1

by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78 (1994). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's amended complaint alleges that in September 2023, she hired defendant to perform repairs to her residential property. ECF No. 28 at 2. Defendant allegedly sent an unlicensed contractor to perform the repairs, which were not properly completed. *Id.* Plaintiff also alleges that defendant recorded an invalid lien, thereby clouding the property's title. *Id.* The amended complaint alleges state law claims for fraud, slander of title, quiet title, negligence, and violation of California's Business and Profession Code §§ 7109(a), 7159(d), and 7114. *Id.*

Plaintiff was provided with an opportunity to show cause why this action should not be dismissed for lack of subject matter jurisdiction. ECF No. 27. Plaintiff filed a response suggesting that her amended complaint included a 42 U.S.C. § 1983 claim by virtue of her receiving a subpoena from the California Attorney General to testify as a witness about defendants' fraud. ECF No. 29 at 2. Plaintiff also claims that defendants misused the California lien process, which deprived her of due process. *Id.* While both those assertions may be true, neither convert plaintiff's state law claims into federal claims. As I noted previously, the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). On the face of the complaint, there is no federal question.

Further, plaintiff fails to establish diversity jurisdiction. Critically, the amended complaint indicates that all parties reside in Shasta County, California. ECF No. 28 at 2. Thus, diversity jurisdiction is absent. *See* 28 U.S.C. § 1332(a); *Bautista*, 828 F.2d at 552.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction and the Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 20, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE